# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond M. Conoboy, | No. CV 16-01164-PHX-JJT (DMF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Defendants. | |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

This matter is before the undersigned on referral from the District Judge. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

On April 21, 2016, Plaintiff Raymond M. Conoboy, who is confined in the Arizona State Prison System in Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Docs. 1, 2). In an April 27, 2016, Order, the Court granted the Application to Proceed In Forma Pauperis and dismissed the Complaint because Plaintiff had failed to state a claim (Doc. 6). The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. *Id.* On May 13, 2016, Plaintiff filed a First Amended Complaint (Doc. 8). On June 8, 2016, the Court issued a Screening Order which ordered service on Defendants, within 60 days, to answer the First Amended Complaint (Doc. 9).

In accordance with the District Court's Order, Plaintiff returned the service

packets for Defendants, including Defendant Unknown Brown, and the United States Marshal's Service ("USMS") attempted service. Defendants Ryan, Vicklund, Charion, Washburn, Van Winkle, and Linderman were served (*see* Docs. 11, 13, 14, 15, 16, 17). However, the Process Receipt and Return form (Doc. 10) filed with regard to Defendant Unknown Brown indicates that the service packet was returned unexecuted. The address given for Defendant Unknown Brown in the service packet appears to be a P.O. Box.

The District Court's June 8, 2016, Screening Order specifically warned that, "[i]f Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)" (Doc. 9 at 5). In light of the notice from the USMS showing that service upon Defendant Unknown Brown was unexecuted, and given the expiration of the time limits to complete service, the Court ordered Plaintiff to show by September 6, 2016, why Defendant Unknown Brown should not be dismissed from this action based on Plaintiff's failure to timely serve him (Doc. 18). Plaintiff did not respond to the Order to Show Cause at Doc. 18.

**IT IS THEREFORE RECOMMENDED** that Defendant Unknown Brown be dismissed for Plaintiff's failure to serve this Defendant within the time specified by the Court (see Docs. 9, 18).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17)

pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 25th day of October, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge